**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **DEVIN SCOTT WILLIAMS,** <br> ***Plaintiff,*** <br> ***v.*** <br> **HARRELL HOSPITALITY GROUP LLC,** <br> ***Defendant,*** | § § § § § § § § § § | **CASE NO. 6:24-CV-00623-ADA-DTG** |

**REPORT & RECOMMENDATION**

**TO: THE HONORABLE ALAN D ALBRIGHT, UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court considered the issue of subject-matter jurisdiction in this case sua sponte and ordered briefing from the parties. *See* Dkt. No. 19. After careful consideration of the briefs and the applicable law, the Court **RECOMMENDS** that this suit be **DISMISSED WITHOUT PREJUDICE** for want of subject-matter jurisdiction.

## I. BACKGROUND

The plaintiff, Devin Scott Williams, filed this suit pro se against the defendant, Harrell Hospitality Group, LLC, to recover for the alleged breach of an arbitration agreement between them. Dkt. No. 5. The complaint did not name a jurisdictional basis, and the plaintiff submitted a cover sheet indicating that this Court had jurisdiction because the United States government was a plaintiff in this case. *See* Dkt. No. 5-1. The complaint and its cover sheet further indicated that

he sought $50,000 in damages and that both parties were citizens of this state. Dkt. No. 5 at 6; Dkt. No. 5-1.

On August 27, 2025, the undersigned held an initial pretrial conference in this case and inquired sua sponte as to whether it had jurisdiction over the dispute. In response, the plaintiff moved to amend his complaint to raise the amount in controversy to $100,000 and to add an additional defendant, Marriott International, Inc., to satisfy the requirements of diversity jurisdiction. *See* Dkt. No. 20. The plaintiff further argued that his amendment would establish jurisdiction through Federal Arbitration Act. *Id.* at 5. The defendant opposed, arguing that adding a defendant would not create complete diversity between the parties and that the Federal Arbitration Act did not itself confer jurisdiction over this Court. Dkt. No. 24 at 1–2.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction and may only exercise the jurisdiction expressly conferred upon them. *Kokkonen v. Guardian Life Ins. Co of Am.*, 511 US. 375, 377 (1994). The Federal Arbitration Act does not itself create federal jurisdiction. *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 163 n.1 (5th Cir. 1998). The plaintiff must still establish an independent jurisdictional basis, either diversity or federal question jurisdiction. *Id.* (citing *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)). To establish diversity jurisdiction, the plaintiff must show that no plaintiff shares citizenship with any one of the defendants. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).

The plaintiff cites two bases for jurisdiction: the Federal Arbitration Act and diversity jurisdiction. Dkt. No. 20 at 5. But the Federal Arbitration Act cannot confer jurisdiction upon the Court, and it is undisputed that the plaintiff and the defendant are citizens of the same state. Dkt. No. 5-1; Dkt. No. 24 at 2. Therefore, the undersigned **RECOMMENDS** that this case be

**DISMISSED WITHOUT PREJUDICE** for **WANT OF SUBJECT-MATTER JURISIDICTION** and that all pending motions (Dkt. Nos. 20, 26, 33, 36, 39, 42) be **DENIED-AS-MOOT**.

## III. RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that this case be **DISMISSED WITHOUT PREJUDICE** for **WANT OF SUBJECT-MATTER JURISIDICTION** and that all pending motions (Dkt. Nos. 20, 26, 33, 36, 39, 42) be **DENIED-AS-MOOT**.

## IV. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 3rd day of August, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE