**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **Williams,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL NO. 6:24-CV-00623-ADA-DTG** |
| **Harrell Hospitality Group LLC,** | § | |
| **Defendants.** | § | |

**ORDER ADOPTING MAGISTRATE**
**JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation of United States Magistrate Judge Gilliland. ECF No. 45. The report recommends that this Court **DISMISS** this case without prejudice due to a lack of subject matter jurisdiction. *Id.*

A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served with a copy of the report and recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). A district court need not consider "[f]rivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). The district court may decline a party's request to hear new evidence not before the Magistrate Judge. Fed. R. Civ. P. 72(b)(3).

Plaintiff filed objections. ECF No. 46. The Court has conducted a *de novo* review of Plaintiff's complaint, the proposed amended complaint, the report and recommendation,

objections and responses thereto, the briefing, and the applicable laws. After that thorough review, the Court is persuaded that the Magistrate Judge's findings and recommendation should be adopted.

**IT IS THEREFORE ORDERED** that the Report and Recommendation is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's objections are **OVERRULED**. "[A] party seeking to compel arbitration may gain a federal court's assistance only if, 'save for' the agreement, the entire, actual 'controversy between the parties,' as they have framed it, could be litigated in federal court." *Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009). Here, the requested relief, i.e., the actual controversy before the Court, is the Plaintiff requesting the Court to provide damages for the "breach of the arbitration agreement." ECF Nos. 5 at 1, 7; 20. This claim is based on breach of contract, and thus, does not provide basis for arising under jurisdiction. The Court finds the proposed amendment here would be futile to cure subject matter jurisdiction for diversity or arising under purposed for the reasons stated above and in the report and recommendation.

IT IS THEREFORE ORDERED that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. This case is closed.

**SIGNED** this 21st day of August, 2026.

**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**